IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## MICHAEL EVANS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-26420     Joseph B. Dailey, Judge**

_____

**No. W2006-00172-CCA-R3-PC  - Filed November 21, 2006**

_____

The Appellant, Michael Evans, appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. Evans' petition was summarily dismissed by the post-conviction court upon grounds that it was time-barred by the statute of limitations. On appeal, Evans contends that application of the statute of limitations in this case serves to deny him his right to due process. Following review of the record before us, we affirm the dismissal of the petition as it was filed outside the one-year statute of limitations and because Evans has failed to establish any ground which would support a tolling of the statute.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Michael Evans, *Pro Se*, Petros, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Weirich, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

On April 7, 1993, a Shelby County jury convicted the Appellant of one count of second degree murder and one count of aggravated assault, both of which occurred on October 16, 1990. *State v. Michael Evans*, No. 02C01-9306-CR-00109 (Tenn. Crim. App. at Jackson, Oct. 12, 1994), *vacated and reinstated*, (Tenn. Crim. App. at Jackson, Jan. 31, 1995). The Appellant was subsequently sentenced as a Range I offender to consecutive sentences of twenty-five years for the second degree murder and six years for the aggravated assault. *Id.* A panel of this court affirmed

the convictions and sentences on direct appeal. *Id.* The Tennessee Supreme Court denied application for permission to appeal on April 10, 1995.

On May 6, 2002, the Appellant filed a *pro se* petition for post-conviction relief in the Shelby County Criminal Court asserting a myriad of grounds for relief. *Michael Evans v. State*, No. W2002-02623-CCA-R3-PC (Tenn. Crim. App. at Jackson, Mar. 25, 2003). Despite the Appellant's assertion in his petition that the statute of limitations should be tolled due to his assertion of mental incompetence, the post-conviction court entered an order on September 25, 2002, summarily dismissing the petition as time-barred. *Id.* A panel of this court affirmed the dismissal on appeal concluding that the petition was time-barred because the Appellant had failed to make a prima facie showing of incompetence. *Id.*

The petition now before us, the Appellant's second petition for post-conviction relief, was filed on April 28, 2005. On November 30, 2005, the Shelby County Criminal Court summarily dismissed the petition as being time-barred. The court specifically concluded that the petition was filed outside the applicable statute of limitations and that the Appellant had failed to establish a valid reason for tolling the statute of limitations. On December 29, 2005, the Appellant filed his timely notice of appeal.

## Analysis

On appeal, the Appellant asserts that the post-conviction court's summary dismissal of his petition for post-conviction relief violated his right to due process. As such, the Appellant argues that he is "challenging the Constitutionality of any time barrier on justice."

Initially, we are constrained to note that the Appellant has waived consideration of his post-conviction claim by his failure to prepare an adequate record on appeal. An appellant bears the burden of preparing an adequate record for appellate review. *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *Id.* at 560-61; *see also* Tenn. R. App. P. 24(b). Although the Appellant appeals the dismissal of his post-conviction petition, he has failed to include the petition in the record. Thus, any review of the petition is obviously precluded. Nonetheless, we elect to review the issue of whether the post-conviction court appropriately dismissed the petition as time-barred by the statute of limitations.

The 1995 Post-Conviction Procedure Act governs all petitions for post-conviction relief filed after May 10, 1995, and provides for the filing of petitions within one year of "the date of the final action of the highest state appellate court to which an appeal is taken, or . . . the date on which the judgment became final." T.C.A. § 40-30-102(a) (2003). The judgments in this case became final on April 10, 1995, upon the Tennessee Supreme Court's denial of permission to appeal. The record indicates that the Appellant filed the instant petition on April 28, 2005, well beyond the applicable

statute of limitations period. Clearly, the petition is barred from consideration by the statute of limitations.

The Appellant acknowledges that his petition was filed outside the applicable statute of limitations period. However, he argues that by applying the statute of limitations to his case, he is effectively denied the right to present his claim in violation of his due process rights. While the statute of limitations applies in all cases, our supreme court has held that due process dictates that the statute of limitations may not be so strictly applied so as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight*, 51 S.W.3d. 559 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). Nonetheless, the Post-Conviction Act provides that the exceptions to the statute of limitations are explicitly limited to: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. T.C.A. § 40-30-102(b)(1)-(3). As a lower appellate court, we are bound by the decisions of our supreme court with regard to the constitutionality and applicability of the statute of limitations. On the record before us, the Appellant has failed to allege any claim which would qualify as an exception to the statute of limitations and failed to include any evidence which would suggest that any of three exceptions to the statute of limitations applies. Moreover, he offers no factual grounds which would establish that he was unable to file his post-conviction petition within the one-year time period after the judgments became final. Accordingly, we conclude that the post-conviction court's summary dismissal of the petition was proper as the petition was filed outside the statute of limitations and no reason for tolling the statute was established.

## CONCLUSION

Based upon the foregoing, the Shelby County Criminal Court's summary dismissal of the Appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE

-3-